Matthew J. Langley (*pro hac vice*)
**ALMEIDA LAW GROUP LLC**
849 W. Webster Ave.
Chicago, IL 60614
Tel: (954) 579-0027
matt@almeidalawgroup.com

*Attorneys for Quanovate Tech Inc. d/b/a Mira*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLA MORENO AND FRANCES MORA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUANOVATE TECH INC. d/b/a MIRA,<br><br>Defendant. | Case No. 3:24-cv-05262-VC<br><br>**STIPULATED REQUEST FOR DISMISSAL AND [PROPOSED] ORDER** |

Pursuant to F.R.C.P. 41(a)(1)(A)(ii) and Paragraph 54 of the Court's Standing Order for Civil Cases,[1] Plaintiffs Carla Moreno and Frances Mora ("Plaintiffs") and Defendant Quanovate Tech Inc. d/b/a Mira ("Defendant") (collectively, "the Parties") hereby jointly and respectfully submit this request for approval of the dismissal of Plaintiff's individual claims with prejudice and the putative class claims without prejudice. The Parties further jointly and respectfully submit that, because there has been no publicity surrounding this case and no unnamed class members will be prejudiced (or even bound) by the dismissal, there is no need for notice. A proposed order to this effect is set forth at the end of this pleading, and Plaintiffs and Defendant hereby jointly and respectfully request that the Court enter this proposed order.

## I.     Factual Background and Procedural History

Plaintiffs filed this case on August 16, 2024, asserting various causes of action under federal, Florida, and California law asserting that Defendant uses tracking technology on its website that permitted disclosure to third parties without consent.  Defendant asserts that it is not liable for these claims made by Plaintiffs or putative class members.

Plaintiffs served Defendant on September 26, 2024.  Prior to Defendant responding to the complaint, the parties stipulated to continue the deadline to November 18, 2024.  During the time to respond, Defendant researched the claims and negotiated with Plaintiffs an informal resolution. On November 14, 2024, before Defendant responded to the complaint or any other substantive activity occurred in the case, the Parties notified the Court that they had reached a resolution on

---

[1]  The Standing Order states: "In the event of a pre-certification settlement or dismissal of a proposed class action, the named plaintiffs may not simply dismiss the lawsuit without court approval.  Rather, the parties must submit a request for dismissal explaining how a dismissal would not prejudice the unnamed class members whose claims are not being resolved by the settlement.  In particular, the parties must consider whether the unnamed class members need to be notified of the dismissal.  *See, e.g.*, *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 WL 5140048 (N.D. Cal. Oct. 10, 2014); *Lyons v. Bank of Am., N.A.*, No. 11-cv-01232-CW, 2012 WL 5940846 (N.D. Cal. Nov. 27, 2012); *see also Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)."

November 14, 2024, of Plaintiffs' individual claims, before Defendant responded to the complaint or any other substantive activity occurred in the case.

This precluded Defendant from filing a motion to dismiss arguing, among other things, that Plaintiffs individually could not proceed with their claims because they consented to the actions at issue based on judicially noticeable information.

The Parties' informal investigation and discussions led the Parties to agree that an individual resolution and dismissal of Plaintiffs' individual claims without prejudice to absent class members would be the best course of action to resolve the present action. The Court should dismiss Plaintiffs' individual claims with prejudice and the putative class claims without prejudice and without requiring notice to the putative class

Under the Court's Standing Order, the parties to a putative class action seeking a pre-certification dismissal of the action must "submit a request for dismissal explaining how a dismissal would not prejudice the unnamed class members whose claims are not being resolved by the settlement," and must consider in particular "whether the unnamed class members need to be notified of the dismissal." The Standing Order cites several cases—all of which rely on *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1986)—discussing the factors for evaluating a pre-certification settlement and dismissal. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Tombline v. Wells Fargo Bank, N.A.*, 2014 WL 5140048 (N.D. Cal. Oct. 10, 2014); *Lyons v. Bank of Am., N.A.*, 2012 WL 5940846 (N.D. Cal. Nov. 27, 2012). These cases hold that under (at least the prior version of) Rule 23(e), a court must review and approve both pre- and post-certification dismissals, but a pre-certification dismissal review takes "a much lighter form that does not entail the kind of substantive oversight required when reviewing a settlement binding upon the class." *See, e.g., Tombline*, 2014 WL 5140048, at *2 (citing *Diaz*, 876 F.2d at 1408).

To determine whether pre-certification dismissal is appropriate, "the Court must inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time

for class members to file other actions, because of a rapidly approaching statute of limitations; (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Lyons*, 2012 WL 5940846, at *1 (citing *Diaz*, 876 F.2d at 1408); *see also Tombline*, 2014 WL 5140048, at *2. The purpose of this review is to assess whether there are unusual circumstances that would necessitate notice to absent class members prior to the dismissal. *Diaz*, 876 F.2d at 1408 ("In no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene.") The Ninth Circuit "emphasized" in *Diaz* that notice "to the class of pre-certification dismissal is not … required in all circumstances." *Tombline*, 2014 WL 5140048, at *2 (citing *Diaz*, 876 F.2d at 1408-09). Instead, notice may be appropriate only if the "putative class members might be subject to prejudicial or unfair impacts" from the dismissal. *Id*.

Here, the *Diaz* factors for approving a pre-certification dismissal without notice are clearly satisfied.

### A. Class Members Have Not Relied to Their Detriment on This Lawsuit

There is no evidence that unnamed class members relied on this lawsuit at all, much less to their detriment, such that they will be prejudiced by the dismissal. The Parties are unaware of any media coverage regarding the lawsuit, and Plaintiffs' counsel have not received any communications from any putative class members about the case. In addition, this matter has been pending only a few months, and Defendant has not yet responded to the complaint. This *Diaz* factor, therefore, favors dismissal without notice.

### B. Class Members Do Not Face a Rapidly Approaching Statute of Limitations

There is no "rapidly approaching statute of limitations" that would render them without sufficient time to pursue relief. The complaint was filed in August 2024 and addressed conduct allegedly taking place prior to the filing. Indeed, there is no one event that would start the limitations period for the entire class. Each putative class members' claims would be based on their own conduct, and the lawsuit does not at all change that or make it harder for them to file within the applicable limitations periods.

Plus, as many courts in this circuit have recognized in approving pre-certification dismissals, the "filing of the class action complaint toll[s] the statute of limitations, which will not resume running until [Plaintiffs'] class claims are dismissed." *See, e.g., Tombline*, 2014 WL 5140048, at *3 (internal citations omitted); *Lyons,* 2012 WL 5940846, at *2 ("What's more, these claims would not be time-barred because of the class action tolling doctrine."); *Houston*, 2009 WL 921627, at *2 ("[T]he statute of limitations has been tolled since the lawsuit was filed."); *Diaz*, 876 F.2d at 1407 (citing *American Pipe Construction Co. v. Utah*, 414 U.S. 538 (1974) (filing of class action tolls statute of limitations on individual claims covered by class action)).

Here, of course, only Plaintiffs' individual claims are being dismissed with prejudice, so absent class members are able to assert his or her own individual claim. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983) ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). Under the rule established in *American Pipe*, if the case is dismissed before certification as requested here, and an absent class member then brings his or her own individual claim to address the same wrong, the statute of limitations will be deemed tolled during the pendency of the prior putative class action until the date of dismissal. *See American Pipe*, 414 U.S. at 561; *see also China Agritech, Inc. v. Resh*, 584 U.S. 732, 733 (2018); *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987).

Thus, because absent class members will not "face a short fuse on pursuing the claims to be dismissed," this *Diaz* factor favors dismissal without notice.

### C.   There Was No Collusion or Concession of Class Interests

Finally, there has been no concession of class interests – the claims of the absent class members are being dismissed without prejudice. *See, e.g.*, *Lyons*, 2012 WL 5940846, at *1 (citing *Diaz*, 876 F.2d at 1408) ("because the parties intend to dismiss the class claims without prejudice, absent class members would still be able to bring suit against Defendants."); *see also Tombline*, 2014 WL 5140048, at *3 ("Because the settlement does not prevent putative class members from

pursuing claims, they are not likely, as a general matter, to be prejudiced."); *Houston*, 2009 WL 921627, at *2 ("[T]he parties do not seek to dismiss the class claims with prejudice and, therefore, they are not impacting the rights of potential class members."). To the extent class members have viable claims, such claims will not be compromised by the dismissal of this matter.

In sum, the *Diaz* factors—individually, and together—favor approving the dismissal requested without notice.

## II.     CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter the proposed order and dismiss Plaintiffs' individual claims with prejudice and the putative class claims without prejudice.

DATED:  January 13, 2025                    ALMEIDA LAW GROUP LLC
                                            Attorneys at Law

                                            By:  */s/ Matthew J. Langley*
                                                 MATTHEW J. LANGLEY

                                                 One of the attorneys for Plaintiffs & the Classes

DATED:  January 13, 2025                    PAYNE & FEARS LLP
                                            Attorneys at Law

                                            By:  */s/ Scott O. Luskin*
                                                 SCOTT O. LUSKIN

                                                 Attorneys for Quanovate Tech Inc. d/b/a Mira

# [PROPOSED] ORDER

This action is hereby dismissed with prejudice to as to Plaintiffs' claims and without prejudice as to any claims of any absent or unnamed members of the putative class. **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____

                    Hon. Vince Chhabria
                    United States District Court

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: */s/ Matthew J. Langley*
MATTHEW J. LANGLEY